UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

———————————

№ 07-CV-4106 (ERK) (RER)

———————————

GARY LABARBERA, THOMAS GESUALDI, LAWRENCE KUDLA, LOUIS BISIGNANO, ANTHONY PIROZZI, FRANK FINKEL, JOSEPH A. FERRARA, SR., LYNN MOUREY, MARC HERBST, AND THOMAS PIALI, TRUSTEES AND FIDUCIARIES OF THE LOCAL 282 WELFARE, PENSION, ANNUITY, JOB TRAINING, AND VACATION AND SICK LEAVE TRUST FUNDS,

Plaintiffs,

VERSUS

GULGAR TRUCKING,

Defendants.

———————————

**AMENDED REPORT & RECOMMENDATION**[1]

**February 4, 2020**

———————————

TO THE HONORABLE EDWARD R. KORMAN
SENIOR UNITED STATES DISTRICT JUDGE

Presently before the Court is a motion by Plaintiffs to hold Winston Gulgar ("Mr. Gulgar") in contempt. (Dkt. No. 30). Mr. Gulgar is a non-party and the principal of the Defendant, Gulgar Trucking. For the reasons stated below, I respectfully recommend that the motion be granted and the Court (1) impose daily fines of $100 per day beginning on February 21, 2020, in order to secure

---

[1] This amended report and recommendation supersedes and replaces the report and recommendation ("R&R") issued on January 13, 2020 (Dkt. No. 31), and corrects an inconsistency between the relief recommended in the body of the R&R and its conclusion.

Mr. Gulgar's compliance with the Court's Order and Plaintiffs' post-judgment discovery requests; and (2) award reasonable attorneys' fees in the amount of $3,680 and costs in an amount of $849.26.

## DISCUSSION

I. Legal Standards

It is well established that "the power to punish for contempts is inherent in all courts." *Bowens v. Atl. Maint. Corp.*, 546 F. Supp. 2d 55, 63 (E.D.N.Y. 2008) (quoting *Chambers v. NASCO, Inc.*, 501 U.S. 32, 44 (1991)). However, the contempt power of a United States Magistrate Judge as defined in 28 U.S.C. § 636(e)(6)(B), provides that "the magistrate judge functions only to certify the facts and not to issue an order of contempt." *Gesualdi v. Interstate Dev. Group Inc.*, No. 14-CV-7091 (ADS) (ARL), 2018 WL 4523016, at *2 (E.D.N.Y. July 20, 2018) (quoting *Trs. of Empire State Carpenters Annuity v. Duncan & Son Carpentry, Inc.,* No. 14-CV-2894 (SJF) (SIL) 2015 WL 3935760, at *3 (E.D.N.Y. June 26, 2015)). "[T]he magistrate judge's role is to determine whether the moving party can adduce sufficient evidence to establish a prima facie case of contempt." *Trs. of Empire State Carpenters Annuity*, 2015 WL 3935760, at *3 (quoting *Hunter TBA, Inc. v. Triple V Sales*, 250 F.R.D. 116, 118 (E.D.N.Y.2008)). Following certification, the district judge will conduct a de novo review to determine issues of fact and credibility. *Bowens*, 546 F. Supp. 2d at 71.

A party may be held in civil contempt if (1) the order the party allegedly failed to comply with is clear and unambiguous, (2) the proof of noncompliance is clear and convincing, and (3) the party has not diligently attempted in a reasonable manner to comply. *See Paramedics Electromedicina Comercial, Ltda. v. GE Med. Sys. Info. Techs., Inc.*, 369 F.3d 645, 655 (2d Cir.

2004); *King v. Allied Vision, Ltd.*, 65 F.3d 1051, 1058 (2d Cir. 1995); *Monsanto Co. v. Haskel Trading, Inc.*, 13 F. Supp. 2d 349, 363 (E.D.N.Y. 1998).  It is not necessary to establish that the violation of the contemnor was willful.  *Paramedics*, 369 F.3d 645 at 655.  "[C]ivil contempt seeks to coerce the contemnor into compliance with the court's order or to compensate the complaining party for losses incurred as a result of the contemnor's conduct."  *Bowens*, 546 F. Supp. 2d at 63.

II.  Certification of Facts

The Court hereby certifies the following facts and finds these facts establish a prima facie case for contempt:

1.  On October 1, 2007, the Plaintiffs commenced this action under the Employee Retirement Income Security Act of 1974 ("ERISA"), 29 U.S.C. §§ 1001, *et seq*, alleging that Gulgar Trucking failed to pay contributions as required by the terms of collective bargaining and trust agreements.  (Dkt. No. 1; Dkt No. 30-2 ("Adler Decl.") at 2).  Gulgar Trucking failed to answer and on January 11, 2008, the Clerk of the Court entered default on the docket.  (ECF Entry of Default dated 1/11/2018).  Your Honor granted default judgment in favor of Plaintiffs on January 18, 2008.  (ECF Default Judgment dated 1/18/2008).  On January 31, 2011, the Court amended the judgment, finding Gulgar Trucking liable to Plaintiffs for $303,818.69 in unpaid contributions, $107,031.74 in interest, $107,031.74 in additional interest and $4,767.75 in costs and fees for a total of $522,649.91.  (ECF Amended Judgment dated 1/31/2001).

2.  On December 12, 2014, Plaintiffs filed a motion to compel Gulgar Trucking and its principal, Mr. Gulgar, to (1) provide documents responsive to subpoenas previously served, (2) attend post-judgment depositions, and (3) pay $1,641.50 in attorneys' fees and costs incurred in connection with the motion.  (Dkt. No. 14).  I granted Plaintiffs' motion in part and held that Gulgar Trucking and Mr. Gulgar must provide the documents requested by January 5, 2015, and that Mr.

3

Gulgar must appear for a deposition on January 20, 2015 "or face contempt." (ECF Order dated 12/19/2014; Dkt No. 15). Plaintiffs' request for attorneys' fees was denied without prejudice to renewal if Defendant did not participate in discovery. (ECF Order dated 12/19/2014). Plaintiffs conducted the post-judgment deposition of Mr. Gulgar on January 20, 2015, as ordered. (Dkt. No. 17-1 at 2). Mr. Gulgar claimed that he had no documents relating to Gulgar Trucking. *Id.*

3. Plaintiffs attest that past discussions and conversations they had with Mr. Gulgar evidenced he was trying to obtain work to resume Gulgar Trucking's business operations. (Adler Decl. at 2; Dkt No. 30-4 ("Pl. Mem.") at 2). On January 8, 2019, in an effort to obtain a formal update on Gulgar Trucking's operations and assets, Plaintiffs filed a motion to compel Mr. Gulgar to produce documents and appear for a deposition on March 19, 2019. (Dkt. No. 21). This motion detailed Plaintiffs unsuccessful attempt to obtain post-judgment discovery from Mr. Gulgar. *Id.* I granted Plaintiffs' motion with minor modifications on January 18, 2019. (Dkt. No. 22). This Order clearly stated, "Failure to comply fully with this Order may serve as grounds for finding that Winston Gulgar, personally and individually, is in contempt of this Court. Upon such a finding, Mr. Winston shall be subject to civil and criminal penalties, including, but not limited to, monetary sanctions." *Id.* at 3.

4. Mr. Gulgar did not appear or produce the requested documents. (Dkt. No. 25 at 2). On May 9, 2019, Plaintiffs filed a motion for a pre-motion conference in anticipation of filing a motion for contempt. (Dkt. No. 25). On July 12, 2019, I granted Plaintiffs' motion for pre-motion conference, and stated on the docket that, "Mr. Gulgar is cautioned that **failure to attend the Hearing may result in Plaintiffs' Motion for Contempt being granted as unopposed**." (ECF Order dated 7/12/2019). The pre-motion conference was held on September 4, 2019, and Mr. Gulgar did not attend or otherwise respond. (ECF Minute Entry dated 9/4/2019). Plaintiffs made

4

a motion for contempt on October 3, 2019. (Dkt. No. 30). On October 15, 2019, Your Honor referred this motion to me for a report and recommendation. (ECF Order dated 10/15/2019). The motion remains unopposed.

III. Analysis

All three elements of contempt are met. The Court's Order dated January 18, 2019 is directed specifically at Mr. Gulgar. (Dkt. No. 22). The Order clearly and unambiguously states that if Mr. Gulgar failed to appear for his scheduled deposition and failed to produce responses to the outstanding discovery requests, he could be found in contempt and be subject to "civil and criminal penalties, including, but not limited to, monetary sanctions." *Id.* at 3. Furthermore, the Court's July 12, 2019 Order cautions Mr. Gulgar that "**failure to attend the Hearing may result in Plaintiffs' Motion for Contempt being granted as unopposed**." (ECF Order dated 7/12/2019). Mr. Gulgar did not attend said hearing, he has made no effort to comply with the Court's January 18, 2019 Order, and he has ignored multiple warnings from the Court regarding the consequences of his continued non-compliance.

IV. Recommended Sanctions

    a. Attorneys' Fees and Costs

The Plaintiffs seek to recover $6,264.81 in attorneys' fees and costs that have accrued since September 6, 2018, the date subpoena preparation began. (Adler Decl. at 5). "To meet the compensatory goal of civil contempt, a district court 'may award appropriate attorney fees and costs to a victim of contempt.'" *Tacuri v. Nithun Constr. Co.*, No. 14-CV-02908 (CBA) (RER), 2019 WL 6914042, at *2 (E.D.N.Y. Dec. 19, 2019) (citing *Weitzman v. Stein*, 98 F.3d 717, 719 (2d. Cir. 1996)). When evaluating a motion for attorneys' fees, courts in this District apply "the lodestar method." *Millea v. Metro-North R.R. Co.*, 658 F.3d 154, 166-67 (2d. Cir. 2011). The

5

lodestar method consists of multiplying a reasonable hourly rate with the reasonable number of hours required by a case to create a presumptively reasonable fee. *Id.* The moving party bears the burden of establishing the "reasonableness and necessity of hours spent and rates charged." *Finkel v. Omega Commc'n Servs., Inc.*, 543 F. Supp. 2d 156, 164 (E.D.N.Y. 2008).

Here, Plaintiffs seek $3,714.00 in attorneys' fees. (Pl. Mem. at 10). This amount is based on 7.8 hours of attorney time billed at the rate of $450 per hour, and 1.7 hours of paralegal time billed at the rate of $120 per hour.[2] (Adler Decl. at 5; Invoices included as Ex. O to Adler Decl., Dkt. No. 30-2 ("Adler Ex. O")). Plaintiffs submissions properly include the credentials of each individual to substantiate the requested hourly rate. *See Crye Precision LLC v. Bennettsville Printing*, No. 15-CV-221 (FB) (RER), 2019 WL 6388636, at *8 (E.D.N.Y. Aug. 13, 2019) (citing *Desly Int'l Corp. v. Spartak*, No. 13-CV-2303 (ENV) (LB), 2018 WL 4522081, at *8 n. 11 (E.D.N.Y. Aug. 1, 2018), *R & R adopted by* 2019 WL 4463298 (Sept. 18, 2019). The rate billed for partner time, $450, is commensurate with standards in this District for those with similar experience. *E.g., Houston v. Cotter*, 234 F.Supp.3d 392, 402 (E.D.N.Y. 2017) (quoting *D'Annunzio v. Ayken, Inc.*, No. 11-CV-3303, 2015 WL 5308094, (WFK) (WDW) at *4 (E.D.N.Y. Sept. 10, 2015) ("Courts in the Eastern District of New York award hourly rates ranging from $200 to $450 per hour for partners, $100 to $300 per hour for associates, and $70 to $100 per hour for paralegals.")). However, I find the rates submitted by Plaintiffs for paralegal work to be excessive and consequently recommend that the hourly rate for paralegal time be reduced to $100. *See id.*

A party seeking to recover attorneys' fees must also submit "accurate, detailed, and contemporaneous time records." *La Barbera v. ASTC Labs, Inc.*, 752 F. Supp. 2d 263, 277

---

[2] Mr. Adler's declaration incorrectly states that Mr. Kramer, a paralegal, worked 12.7 hours on this matter. (*See* Adler Decl. at 5). A review of the submitted records shows that the total hours worked by Mr. Kramer are 1.7. The higher number of hours indicated in Mr. Adler's declaration appears to be a typing error.

6

(E.D.N.Y. 2010). Plaintiffs submitted adequate invoices of time records from September 6, 2018 through August 21, 2019, which include the date, time spent, and a description of the work performed. (Adler Ex. O). Having reviewed the records, I find the time spent preparing for and attempting to depose Mr. Gulgar to be reasonable. Accordingly, I recommend that Plaintiffs be awarded $3,680 in attorneys' fees.[3]

Plaintiffs also seek $2,550.81 in costs, specifically process server fees of $1,809.05, deposition transcript fees of $664.05 for two defaulted depositions, $64.41 for overnight delivery of subpoenas, court orders and correspondence, and $130.30 for photocopies. (Pl. Mem. at 11). Costs that are "incidental and necessary to the litigation" are ordinarily recoverable. *Tips Exports, Inc. v. Music Mahal, Inc.*, No 01–CV–5412 (SJF) (VVP), 2007 WL 952036, at *11 (E.D.N.Y. Mar. 27, 2007) (quoting *Tyco Intern. (US) Inc. v. John Does, 1–3*, No. 01 Civ. 3856 (RCC) (DF), 2003 WL 23374767, at *7 (S.D.N.Y. Aug. 29, 2003)). Incidental and necessary costs include process servers, postage, and photocopying. *Id.* However, these costs must be properly documented, including bills for costs claimed attached as exhibits. *Crews v. County of Nassau*, 2019 WL 6894469 (JFB) (GRB), at *13 (E.D.N.Y. Dec. 18, 2019). Here, Plaintiffs provided invoices detailing both attorney and paralegal hours as well as costs. These records are sufficient as to costs including filing fees, deposition transcript fees, and printing and postage. However, an invoice is inadequate to support Plaintiff's request for service fees. *See Tacuri v. Nithin Constr. Co.*, No. 14-CV-2908 (CBA) (RER), 2015 WL 790060, at *14 (E.D.N.Y. Jan. 21, 2015), *R & R adopted*, (Feb. 24, 2015) (finding notation in attorney billing records for a "Service Fee" inadequate to support recovery of associated costs); *see also Xin Long Lin v. New Fresca Tortillas, Inc.*, No. 18-CV-3246 (RJD) (RER), 2019 WL 3716199, at *10 (E.D.N.Y. May 1, 2019), *R & R*

---

[3] $(450 \times 7.8) + (100 \times 1.7) = 3,680$

7

*adopted by* No. 18-CV-3246 (RJD) (RER), 2019 WL 3714600 (E.D.N.Y. May 28, 2019). A review of Plaintiffs submissions reveals two affidavits of service that indicate charges of $45.50 and $62.00, respectfully. (Affidavits included as Exs. D, K, to Adler Decl., Dkt. No. 30-2). The Court respectfully recommends that Plaintiffs request for costs be granted with the exception of the request for service fees, which should be reduced in amount from $1,809.05 to $107.50. Consequently, Plaintiffs costs award would total $849.26.

      b. Coercive Sanctions

Monetary sanctions may be imposed by the Court after consideration of the following factors (1) "the character and magnitude of the harm threatened by continued contumacy," (2) "the probable effectiveness of any suggested sanction in bringing about compliance," and (3) "the contemnor's ability to pay." *Paramedics*, 369 F.3d at 657–68 (2d Cir. 1982). Mr. Gulgar's refusal to comply with post-judgment discovery and the Court's Order is prolonging an already stale case and delaying the enforcement of a judgment that is over a decade old. He was repeatedly warned that he would face contempt, yet he still did not appear or respond in any way. To ensure that Mr. Gulgar complies with post-judgment discovery demands and this Court's Order, I recommend that the Court subject Mr. Gulgar to daily fines of $100, beginning on February 15, 2020.[4] Though a contemnor may be excused from a civil contempt sanction if he lacks the financial capacity to comply, it is his burden to raise and prove such a defense. *Id.* at 658.

Because courts must use the "least possible power adequate to the end proposed," *Leser v. U.S. Bank Nat'l Ass'n*, 09-cv-2362 (KAM) (ALC), 2011 WL 1004708, at *11 (E.D.N.Y Mar. 18, 2011) (quoting *Shillitani v. United States*, 384 U.S. 364, 371 (1966)), I do not recommend granting

---

[4] Plaintiffs request daily fines of $1000. The Court believes $100 per day is sufficient. *See, e.g., Tacuri*, 2019 WL 6914042, at *3.

8

Plaintiffs' request that the Court issue an order for incarceration should he fail to comply with any forthcoming order for civil contempt. Should the Court find Mr. Gulgar in civil contempt, I recommend that Plaintiffs be directed to make an application for an arrest warrant if Mr. Gulgar's non-compliance continues longer than 30 days after such finding.

## CONCLUSION

I respectfully recommend that the motion be granted and Mr. Gulgar be held in civil contempt for failure to respond to the post-judgment discovery demand and this Court's Order requiring compliance. I further recommend that Mr. Gulgar should be subjected to daily fines of $100 which shall accrue beginning on February 21, 2020, and continue until Mr. Gulgar complies with the subpoena. Additionally, I recommend Mr. Gulgar be required to pay to the Plaintiffs attorneys' fees in the mount of $3,680 and costs in the amount of $849.26.

Plaintiffs are directed to serve copies of this Amended Report and Recommendation upon both Defendant and non-party Mr. Winston Gulgar by regular and certified mail. Plaintiffs must file proof of service with the Clerk of the Court. All objections to the recommendations in this Report must be filed with the Clerk of the Court and the Honorable Edward R. Korman within 14 days. See U.S.C. § 646(b)(1); Fed. R. Civ. P. 72; *Small v. Sec'y of Health & Human Servs.*, 892 F.2d 15, 16 (2d Cir. 1989).

SO ORDERED.

*Ramon E. Reyes, Jr.*
Ramon E. Reyes, Jr.
U.S. Magistrate Judge
Dated: February 4, 2020
Brooklyn, New York